IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRIAN OWEN HALL, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. GLR-14-3449 |
| MRS. JOHNSON, et al., | * | |
| Respondents. | * | |

## MEMORANDUM

On November 3, 2014, Petitioner Brian Owen Hall filed the instant 28 U.S.C. § 2254 habeas corpus petition attacking his conviction and sentence for drug and firearm offenses entered in 2005 in the Circuit Court for Montgomery County, Maryland. (ECF No. 1). Respondents filed an Answer. (ECF No. 6). Petitioner has replied. (ECF No. 10). The Court finds no need for an evidentiary hearing. See Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts and Local Rule 105.6 (D.Md. 2016); see also Fisher v. Lee, 215 F. 3d 438, 455 (4th Cir. 2000) (finding petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)). For the reasons that follow, the Petition will be denied and dismissed with prejudice and a Certificate of Appealability will not issue.

### I.   BACKGROUND

**A.   State Court Proceedings**

Brian Owen Hall was tried before a jury in the Circuit Court for Montgomery County and convicted of possession with intent to distribute more than 50 grams of cocaine, possession with intent to distribute, conspiracy to possess cocaine with intent to distribute, possession of paraphernalia, and illegal possession of a firearm. (ECF No. 6, Ex. 1, 3, & 10).

The facts adduced at trial, as summarized by the Court of Special Appeals of Maryland, follow:

> On February 27, 2004, the Montgomery County Police Department executed a search warrant at the two bedroom apartment of Angela Hall, located at 18381 Lost Knife Road, Gaithersburg, Montgomery County, Maryland. Members of the police department recovered a variety of quantities and types of controlled dangerous substances and money, a handgun, and several personal documents from the apartment.
>
> Upon entering, members of the SWAT performed a protective sweep of the apartment and discovered Earl Lomax and Lynn Mason, appellant's girlfriend, in the living room. In a back bedroom, they discovered appellant laying down on a bed. After handcuffing and placing appellant on the ground, SWAT officers observed appellant "fidgeting on the ground and subsequently [saw] him put his hands in the back of his pants and then [drop] a plastic bag onto the floor." The bag contained crack cocaine and marijuana. In addition, SWAT also discovered $851 in appellant's pants pockets.
>
> Richard Armagost, a non-SWAT police officer, and other members of his team then effectuated a search of the apartment, pursuant to the warrant. From appellant's room, the police recovered a paper bag with hundreds of unused glycine plastic bags. Additionally, they recovered a loaded .380 caliber handgun, a small amount of marijuana, and a stack of documents, many of which were in appellant's name. Two digital scales and men's clothing were also recovered from this room.
>
> Inside the other bedroom, the police recovered small amounts of marijuana, cocaine in small baggies on top of a dresser, a total of $141 in cash, and a safe in the closet. From the safe, a document in appellant's name was recovered, along with $9,370 in cash, some marijuana, seventy-seven grams of crack cocaine, two grams of powder cocaine, narcotics packaging paraphernalia, and a scale with cocaine residue on it. In the living room, where Earl Lomax and Lynn Mason were located, the police recovered a crack pipe and a quarter ounce of crack cocaine.

(ECF No. 6, Ex. 10 at 2–3) (footnotes omitted).

Hall was sentenced on November 10, 2005 to a 14-year term of imprisonment. (Id., Ex. 1 & 4). He did not file a timely appeal.

Petitioner instituted state post-conviction proceedings on November 9, 2007, raising the following claims: (A) prosecutorial misconduct in (1) allowing inconsistent and perjured testimony by a police officer, and (2) failing to disclose impeachment evidence; (B) ineffective assistance of trial counsel for (1) failing to file a notice of appeal, (2) failing to interview an alibi witness, (3) failing to move for a mistrial based on prosecutorial misconduct, and (4) having a conflict of interest; and (C) trial court error in not allowing trial counsel to strike his appearance. (ECF No. 6, Ex. 5).

A hearing on Hall's post-conviction petition was held on April 8, 2010 in the Circuit Court for Montgomery County. (Id.). On May 22, 2011, the post-conviction court granted Hall the right to file a belated direct appeal. The petition was denied in all other respects. (Id.). Hall filed an application for leave to appeal the decision of the post-conviction court, restating the issues ruled upon in the post-conviction proceedings. (Id., Ex. 6). The application was denied summarily by the Court of Special Appeals on August 28, 2012. (Id., Ex. 7).

Hall's belated direct appeal raised the following issues;

> 1. Did the circuit court err in denying appellant's objection to irrelevant and highly prejudicial testimony regarding how police conduct street-level purchases of narcotics?
> 2. Did the circuit court err in admitting improper lay opinion that the drugs found in the apartment "absolutely" were meant for distribution?
> 3. Was the evidence sufficient to establish conspiracy to possess cocaine with the intent to distribute?

(ECF No. 6, Ex. 8 at 2).

On April 5, 2013, the Court of Special Appeals affirmed Hall's convictions. (Id., Ex. 10). The court's mandate issued on May 6, 2013. Hall filed a petition for writ of certiorari that was

3

denied by the Court of Appeals of Maryland on September 22, 2014.  Hall v. State, 440 Md. 116 (2014).

Hall moved to reopen his post conviction proceedings on October 2, 2013.  (ECF No. 6, Ex. 1).  The motion was denied on May 15, 2014.  Hall did not appeal the ruling.  (Id.).

## II.   DISCUSSION

**A.   Claims Raised in this Court**

In the instant petition, Hall asserts that he is illegally being detained in state custody.  In support of his claim he states: (A) "Statement wrote by Angela Hall"; (B) "The Lab test"; (C) "Controversy"; (D) "The trial court err in admitting improper lay opinion testimony"; (E) "Insufficient evidence": and (F) "Not an expert on drugs, and can not [sic] give his opinion." (ECF No. 1 at 5–7).

**B.   Standard of Review**

An application for writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States.  28 U.S.C. § 2254(a).  The federal habeas statute, 28 U.S.C. § 2254, sets forth a "highly deferential standard for evaluating state-court rulings."  Lindh v. Murphy, 521 U.S. 320, 333 n.7 (1997); see also Bell v. Cone, 543 U.S. 447 (2005).  The standard is "difficult to meet," and requires courts to give state-court decisions the benefit of the doubt.  Cullen v. Pinholster, 563 U.S. 170, 181 (2011) (citation omitted).

A federal court may not grant a writ of habeas corpus unless the state's adjudication on the merits: 1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States"; or 2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).   A state

adjudication is contrary to clearly established federal law under § 2254(d)(1) where the state court 1) "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or 2) "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court]." Williams v. Taylor, 529 U.S. 362, 405 (2000).

Under the "unreasonable application" analysis under 2254(d)(1), a "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Thus, "an unreasonable application of federal law is different from an incorrect application of federal law." Id. at 785.

Further, under § 2254(d)(2), "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." Wood v. Allen, 558 U.S. 290, 301 (2010). "[E]ven if reasonable minds reviewing the record might disagree about the finding in question," a federal habeas court may not conclude that the state court decision was based on an unreasonable determination of the facts. Id. "[A] federal habeas court may not issue the writ simply because [it] concludes in its independent judgment that the relevant state-court decision applied established federal law erroneously or incorrectly." Renico v. Lett, 559 U.S 766, 773 (2010).

The habeas statute provides that "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "Where the state court conducted an evidentiary hearing and explained its reasoning with some care, it

should be particularly difficult to establish clear and convincing evidence of error on the state court's part." Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010). This is especially true where state courts have "resolved issues like witness credibility, which are 'factual determinations' for purposes of Section 2254(e)(1)." Id. at 379.

When a petitioner alleges a claim of ineffective assistance of counsel, he must show both that counsel's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). The second prong requires the Court to consider whether there was "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A strong presumption of adequacy attaches to counsel's conduct, so strong in fact that a petitioner alleging ineffective assistance of counsel must show that the proceeding was rendered fundamentally unfair by counsel's affirmative omissions or errors. Id. at 696.

As the Supreme Court held in Strickland, "a state court conclusion that counsel rendered effective assistance of counsel is not a finding of fact binding on the federal court to the extent stated by [former] 28 U.S.C. § 2254(d)[ now § 2254(e)(1)]." Id. at 698. Rather, "although state court findings of fact made in the course of deciding an ineffectiveness claim are subject to the deference requirement of § 2254[(e) (1)], . . . both the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact." Id. Federal habeas relief may not be granted on a claim of ineffective assistance of counsel where the state court denied the claim based on a reasonable application of the Strickland standard to the facts presented in the state court proceeding.

**C.     Analysis**

Hall's claims regarding the statement written by Angela Hall, "the lab test" and unspecified "controversy," notwithstanding the fact that they have not been properly exhausted in state court, are so lacking in specificity as to render them not cognizable.  See Habeas Rule 2.  Hall has failed to specify what federal constitutional right or statute was violated in regard to each of these claims.  A federal court may entertain a state petitioner's habeas petition "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  See 28 U.S.C. 2254(a); Wilson v. Corcoran, 562 U.S. 1 (2011).  These claims do not state a basis for relief.

Plaintiff's claims that the trial court erred in admitting improper lay opinion testimony and that a witness was "not an expert on drugs and [therefore could] not give his opinion" (Claims D and F) are unavailing.  In rejecting these interrelated claims, the Court of Special Appeals noted that under Maryland law, a trial court maintains sound discretion to determine the admissibility of evidence and that appellate courts are reluctant to reverse a trial court's decision regarding admissibility of evidence unless the evidence is inadmissible under a specific rule or principle of law or there is a clear abuse of discretion.  The court then noted:

> During the State's case in chief, the State called Officer Armagost to testify. Officer Armagost was one of the non-SWAT law enforcement officers to enter the apartment.  During direct examination, the State asked Officer Armagost to explain how under cover purchases of controlled dangerous substances occur.  This question prompted appellant's objection to the relevance of the testimony.

(ECF No. 5, Ex. 10 at 4).

> On appeal, appellant argues that the testimony was irrelevant; and, therefore, it should have been excluded by the trial court.  Specifically, he asserts that the testimony regarding street buy was neither material nor probative to the issue in the case.  Appellant

7

> contends that because the issue was whether the appellant possessed the drugs that were found in the apartment and whether those drugs were for distribution, then the testimony regarding street buys were irrelevant. Appellant further avers that the testimony was highly prejudicial because it could cause the jury to conclude that the drugs were involved in street deals. We disagree.

(Id. at 5).

The court then restated Maryland law regarding the relevancy of evidence and its admissibility before concluding that the testimony was relevant because it was both material and probative. The court further held:

> Before this Court, appellant argues that the trial court erred by admitting this testimony because Officer Armagost was never offered as an expert, yet was allowed to give an opinion based on his training and experience. In response, the State presents two arguments. First, that the objection proffered at trial did not properly preserve the issue. Second, that the improper testimony, if erroneous, was harmless beyond a reasonable doubt.

(Id. at 10).

The court, after concluding that the issue had been properly preserved by defense counsel's objection at trial found that while the admission of the evidence was improper, its admission was harmless:

> In the case at bar, Officer Armagost clearly based his opinion about whether the drugs were meant for distribution on his training and experience as a police officer. See Wieldfer v. State, 191 Md. App. 319, 368 (2010) (finding that when a witness' testimony is based on training and experience, the witness should be qualified and admitted as an expert pursuant to Md. Rule 5-702). Similar to Ligner in Blackwell, Officer Armagost relied on his training and as an officer and experience dealing with drug crimes, not on his knowledge as a layperson. Therefore, because Officer Armagost was never qualified as an expert, the admissibility of this testimony was erroneous.
>
> Nonetheless, we agree with the State that the admission of Officer Armagost's testimony was harmless error. In Perez v. State, 420 Md. 57, 66 (2011), the Court of Appeals enunciated the harmless

> error analysis. The Court required that in a criminal case, once an appellant has established error, the case must be reversed unless the reviewing court can find that the error did not impact the verdict. Id. (quoting Dorsey v. State, 276 Md. 638, 659 (1975)). See also Conyers v. State, 354 Md. 132, 160-61 (1999) (noting that "[e]very error committed by a trial court is not grounds for a new trial. Reversible error will be found and a new trial warranted only if the error was likely to have affected the verdict below") (emphasis added). The burden is on the State to prove that the error was harmless beyond a reasonable doubt. Perez, 420 Md. at 66.

(Id. at 14–15).

> In the instant case, we conclude that, while the testimony was improperly admitted, the admission of Officer Armagost's testimony without disclosure and qualification was harmless due to the overwhelming evidence of appellant's guilt. The police obtained warrant to search the apartment for suspicion of illegal drug activity. At least $850 in cash and both marijuana and cocaine were found on the appellant's person. The state introduced evidence of at least $10,000 in cash found in the apartment, a handgun, some amount of marijuana, at least 80 grams of cocaine found in various locations of the apartment, scales with cocaine residue on them, and narcotics packaging and paraphernalia. Cocaine was found in nearly every room of the apartment. Taking into consideration all of the evidence, the testimony Officer Armagost did not affect the verdict in way that renders the error harmful. Therefore we find that while the improper lay testimony was error, it was harmless error and does not warrant a new trial.

(Id. at 15–16).

In reviewing Hall's claims regarding the admission of lay testimony, the post-conviction court found as follows:

> Petitioner obviously takes issue with the testimony the police offer witnesses at his trial. The testimony essentially described the actions of the officers in how they secured and searched the premises. The petition does not describe what is particularly inconsistent or perjurous about the testimony nor is it apparent in the reading of the testimony. In any event it is clearly the province of the jury to evaluate, judge and rely on all, part or none of the testimony of the witnesses. Maryland Model Jury Instruction 2.23. It appears that the Petitioner believes what he does about the police

> testimony because it is inconsistent with his understanding of the facts. However, after consultation with the Petitioner, counsel for the Petitioner at the time of trial called no witnesses, including the Petitioner. The decision and tactics of trial counsel are given broad deference and may not serve to set aside a conviction because in hindsight some other approach might now seem more appealing. Gilliam v. State, 3341 Md. 651, 666, 629 A.2d. 6895, 692 (1993) (quoting State v. Thomas, 325 Md. 160, 171, 599 A.2d 1171, 1176 (1992)). This contention is without merit.

(ECF No. 5, Ex. 5 at 5).

"Absent 'circumstances impugning fundamental fairness or infringing specific constitutional protections,' admissibility of evidence does not present a federal question." Gaskins v. McKellar, 916 F.2d 941, 949–50 (4th Cir. 1990). As Petitioner's arguments are based upon state law, they are not subject to review by this Court. Spencer v. Murray, 18 F.3d 237, 239-40 (4th Cir. 1994). Simply stated, Petitioner's complaints regarding the admission of the testimony of the officer does not provide a basis for federal habeas relief.

Petitioner's final claim, that the evidence was insufficient to sustain his conspiracy conviction, is likewise unavailing. In rejecting this claim the Court of Special Appeals found:

> The appellant also challenges the sufficiency of the evidence upon which his conspiracy to possess with intent to distribute conviction was based on. He contends that the State provided no evidence to connect him with any other potential co-conspirator, and that it did not prove he planned with anyone to distribute cocaine. The State responds by asserting there was sufficient circumstantial evidence to support the conspiracy conviction. We are persuaded that there was sufficient evidence to convict appellant of conspiracy.
>
> On review, the test for sufficiency of the evidence is whether all of the evidence, when considered in the light most favorable to the prosecution, would permit a rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. Wilson v. State, 319 Md. 530,535 (1990). An appellate court's concern is "only with whether the verdicts were supported with sufficient evidence–that is, evidence that either showed directly, or circumstantially, or supported a rational inference of facts." State v. Albrecht, 336 Md. 475, 479 (1994).

> The Court of Appeals has established that criminal conspiracy is an agreement between two or more persons to accomplish an unlawful purpose, or to accomplish a lawful purpose by unlawful means. Townes v. State, 314 Md. 71, 75 (1998); see also Mason v. State, 302 Md. 434, 444 (1985). More recently, in Carroll v. State, we upheld a trial court's conviction for conspiracy to commit armed robbery which was based on largely circumstantial evidence. 202 Md.App. 487, 506 (2011), cert. granted, 425 Md. 227 (2012), judgment affirmed, 428 Md. 679 (2012). This Court ruled that the actions of Carroll and his co-defendants indicated that they were acting in agreement. Id. There, Carroll was convicted, along with two other men, of four counts each of attempted robbery, conspiracy to commit armed robbery, second degree assault, reckless endangerment, and false imprisonment. Id. at 494. On appeal, Carroll claimed that because the evidence was largely circumstantial, it wasn't sufficient to support a conviction for the conspiracy count. Id. at 505. We ruled that ["a] conspiracy may be shown by circumstantial evidence from which an inference of a common design may be drawn." Id. at 506 (quoting McMillian v. State, 325 Md. 272, 292 (1992)). It is sufficient for the state to proffer facts that will allow a jury to make an inference that there was an illicit agreement. Id. at 505.
>
> In this case, the evidence provided at trial established that the police secured a search warrant on the apartment for possible drug activity. The officers found appellant in the master bedroom with $851 in cash in his pockets along with marijuana and crack and power cocaine with a street value of at least $1,000. Additionally, there was illegal narcotics packaging materials, two scales, a loaded handgun, marijuana, appellant's personal documents and men's clothing. In the other bedroom, the police found crack cocaine, powder cocaine, cocaine base, scissors, a spoon, a box with razor blades, a digital scale with cocaine residue, a safe containing $9,370 cash, and more personal documents attributable to appellant and Angela Hall. It is certainly possible that the jury would have concluded that appellant was in that apartment with Angela Hall or others, for the purpose of distributing the cocaine which they possessed.
>
> Accordingly, we affirm the ruling of the circuit court.

(ECF 6, Ex. 10 at 16–18).

The standard of review for a sufficiency of the evidence claim on habeas corpus is

whether, after viewing evidence in a light most favorable to the prosecution, any rational trier of fact could find essential elements of crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979).  This Court must consider circumstantial as well as direct evidence and allow the government the benefit of all reasonable inferences from the facts proven to the facts sought to be established.  United States v. Tresvant, 677 F.2d 1018 (4th Cir. 1982).  Moreover, the determination of the credibility of each witness is within the sole province of the jury and is not susceptible to review.  United States v. Saunders, 886 F.2d 56 (4th Cir. 1989); Pigford v. United States, 518 F.2d 831 (4th Cir. 1975).

A criminal conspiracy under Maryland law has been defined as a "the combination of two or more persons to accomplish some unlawful purpose, or to accomplish a lawful purpose by unlawful means."  Carroll v. State, 202 Md. App. 487, 505 (2011).  Under Maryland law the crime was complete when the unlawful agreement is reached. No overt act in furtherance of the agreement need be shown. Id. The intent to commit a conspiracy may be shown via circumstantial evidence. Id. at 506.  The Court of Special Appeals' review of the evidence adduced in Hall's case is supported by the record.  The determination that there was sufficient basis for the jury to return a guilty verdict as to Hall's participation in a conspiracy is supported by the record and is not an unreasonable application of Supreme Court precedent.  The state court's findings survive scrutiny. Hall states no basis for relief under 28 U.S.C. §2254(d).

### III.   CONCLUSION

Upon review of the Petition for Writ of Habeas Corpus, the response along with the exhibits submitted, as well as Hall's reply, this Court determines that Hall is not entitled to federal habeas relief.  There is no basis upon which to find constitutional deficiencies in the state

court proceedings, Hall having failed to rebut the presumption of correctness of the findings of fact underlying the rejection of his grounds for post-conviction relief.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented are adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Because this Court finds that there has been no substantial showing of the denial of a constitutional right, a certificate of appealability shall be denied. See 28 U. S.C. § 2253(c)(2). A separate order follows.

Entered this 30th day of November, 2016

/s/
_____
George L. Russell, III
United States District Judge